IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

MARC E. BERCOON and WILLIAM      CRIMINAL ACTION NO.
A. GOLDSTEIN,      1:15-CR-022-LMM-JFK

Defendant.

## ORDER

This case comes before the Court on Defendant Marc E. Bercoon's Motion

for Reconsideration of Bail Pending Sentencing [387] and Defendant William A.

Goldstein's Motion for Bond [389]. After careful consideration, the Court

concludes that the facts and circumstances of this case require that Defendants

remain detained pending sentencing.

On February 21, 2018, Defendants were found guilty of twelve felonies

related to two fraudulent schemes, Find.com and MCGI. Dkt. No. [374].[1] Because

Defendants have been found guilty, their release or detention pending sentencing

is governed by 18 U.S.C. § 3143(a). Under that statute, the Court "shall order"

Defendants be detained pending sentencing unless the Court "finds by clear and

---

[1] Specifically, Defendants Bercoon and Goldstein were found guilty of conspiracy
to commit mail and wire fraud (as to Find.com), two counts of mail fraud (as to
Find.com), seven counts of wire fraud (as to Find.com and MCGI), conspiracy to
commit securities and fire fraud (as to MCGI), and one count of securities fraud
(as to MCGI).

convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a).

## A. Defendant Bercoon

Defendant Bercoon moves this Court to reconsider its order detaining him pending sentencing, arguing (1) his conduct on pretrial release indicates he would not be a flight risk; (2) his wife, who suffers from significant health issues, "remains committed to having Defendant present at any and all places where he must be"; and (3) his 94 year old father, Norman Bercoon—who serves as the primary financial support for Bercoon and his family, is willing to pledge an additional $250,000 into the Registry of the Court to secure his son's release.

The Government strongly opposes Bercoon's request for bail. The Government argues that Bercoon's pretrial release conduct is irrelevant now that he is assuredly facing prison time. And it argues Bercoon has significant access to capital in order to flee, including his father's financial resources and possible proceeds from his wife's business, Nationwide Locum Tenens, LLC.

This Court cannot find by clear and convincing evidence that Defendant Bercoon is not a risk of flight at this time. As the Court found following the jury verdict, Bercoon has access to significant capital through his father and is now facing a lengthy prison sentence.[2] That he now knows he is facing substantial prison time at his age changes the equation, notwithstanding the possibility of

---

[2] While the Court has yet to receive the Pre-Sentence Report, the Government contends Bercoon is facing "the possibility of a 240-month sentence based on the wire fraud conviction alone." Dkt. No. [390] at 1.

additional security. See U.S. v. Hill, CR. 1:05CR0269-TWT, 2007 WL 1231729, at *1 (N.D. Ga. Apr. 24, 2007) ("[T]his certain lengthy sentence gives the defendant an overwhelming motivation to flee. The court finds further that the defendant's motivation to flee is not overcome by the proposed addition of property security offered by his family members."). Thus, the Court **DENIES** Defendant Bercoon's Motion for Reconsideration [387].

## B. Defendant Goldstein

Defendant Goldstein also moves this Court for reconsideration of bail pending sentencing, arguing that (1) he successfully complied with all pretrial conditions and has substantial connections to the area, including four young children and stable employment; and (2) his sister and future mother-in-law are willing to pledge approximately $250,000 worth of real estate to secure Goldstein's release. Goldstein also argues that electronic monitoring and home confinement can assure the Court that he will not flee.

The Government again strongly opposes Goldstein's release. It argues Goldstein has access to significant financial resources through his steady employment with various companies and his signatory authority on the respective companies' bank accounts, including a Wells Fargo account in the name of Staff Physician Recruiter.com LLC where, between January 2015 and May 2017, over $2.4 million dollars were deposited. That account also indicates $283,080 in cash withdrawals were made and $100,000 was paid toward Goldstein's credit cards. The Government also points to two other accounts that

3

his fiancée has signatory authority over which indicate $60,900 in cash withdrawals and $258,863 in expenses.[3] As further evidence of his financial resources, the Government points to a car loan application Goldstein submitted to CapitolOne in 2014 in which he stated his monthly income was $8,000 from Nationwide Locum Tenens alone.

Much like Defendant Bercoon, the Court still does not find that Defendant Goldstein would not flee by clear and convincing evidence. His age, financial resources, and assured prison sentence cannot be overcome by the additional security offered. See Hill, 2007 WL 1231729, at *1 ("[T]his certain lengthy sentence gives the defendant an overwhelming motivation to flee. The court finds further that the defendant's motivation to flee is not overcome by the proposed addition of property security offered by his family members."). Thus, the Court **DENIES** Goldstein's Motion for Bond [389].

The Government also contends in a footnote that due to its investigation, it does not believe Goldstein qualifies for a taxpayer-funded attorney and that he has misrepresented his financial status to the Court. Thus, the Court **REFERS** this matter to Judge King to determine whether Defendant Goldstein still qualifies for his current taxpayer-funded attorneys. If Judge King finds that he does not qualify, the Court will allow his current counsel to represent him at sentencing, but he will be required to obtain new counsel for appeal.

---

[3] These accounts include Defendant Goldstein's email address as the point of contact.

4

## C. Conclusion

Defendant Marc E. Bercoon's Motion for Reconsideration of Bail Pending Sentencing [387] and Defendant William A. Goldstein's Motion for Bond [389] are **DENIED**. The Court further **REFERS** this matter to Judge King to determine whether Defendant Goldstein still qualifies for his current taxpayer-funded attorneys.

**IT IS SO ORDERED** this 24th day of May, 2018.

Leigh Martin May
**United States District Judge**

5